## WALDES & CO. v. RADEN BROS.

(Court of Appeals of District of Columbia. Submitted March 14, 1923. Decided May 7, 1923.)

No. 1582.

Trade-marks and trade-names and unfair competition ⬤⟿44—Competitor cannot lawfully appropriate unregistered trade-mark of which it has knowledge.

Evidence in trade-mark interference proceeding that one of the parties had previously received an order, which it filled, and which was conditioned on its affixing to the goods the trade-mark of the other party, shows that the former possessed knowledge of the other party's use of the mark prior to its filing date, which was the earliest date claimed by it in the interference proceeding, and it could not lawfully appropriate the knowledge thus obtained to defeat the property right acquired by the other party in the mark.

Appeal from the Commissioner of Patents.

Trade-mark interference proceeding between Waldes & Co. and Raden Bros. From a decision awarding priority to Raden Bros., Waldes & Co. appeal. Affirmed.

Hans v. Briesen, of New York City, for appellants.

I. Joseph Farley, of New York City, for appellees.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This appeal is from the decision of the Commissioner of Patents in a trade-mark interference, awarding priority to appellees, Raden Bros., a New York firm.

The mark in issue consists of the word "Regal," used as a trademark on cards to which are attached snap buttons used for garment fasteners. Appellants, Waldès & Co., a firm doing business in Bohemia, Austria, filed an application for the mark November 4, 1913, on which registration was granted July 14, 1914. Appellees filed their application October 22, 1920.

Appellant company relied upon its filing date and took no testimony. Appellees submitted proof which established the use of the mark in connection with snap fasteners, buttons, etc., long prior to appellants' filing date. It appears from the testimony on behalf of appellees that an order was given appellant company for snap fasteners in 1909 and 1910, upon the condition that appellant company would place upon the cards, to which the fasteners were to be attached, appellees' trade-mark "Regal." The testimony also shows that an order was placed with a Mr. Prym of Stolberg, Germany, prior to the order given Waldes & Co., and that both orders were filled with snap fasteners mounted on cards containing the mark "Regal." It therefore appears that appellant company possessed knowledge of appellees' use of the mark prior to its filing date, the earliest date claimed by it in this case. Appellant company could not lawfully appropriate the knowledge thus obtained to defeat the property right appellee company had acquired in the mark.

In this state of the testimony we find no reason to disturb the decision reached in the Patent Office.

The decision of the Commissioner is affirmed.